**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Jeffery Katz

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY KATZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ATLAS MEDICAL MANAGEMENT, LLC,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///

## INTRODUCTION

1. Jeffery Katz ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Atlas Medical Management, LLC ("Defendant") in negligently and/or intentionally sending an unsolicited advertisement to Plaintiff's facsimile machine, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

3. "Congress intended to remedy a number of problems associated with junk faxes," through the enactment of the TCPA. *See, True Health Chiropractic, Inc. v. McKesson Corp.,* 896 F.3d 923, 926 (9th Cir. 2018) (citing *Imhoff Inv., L.L.C. v. Alfoccino, Inc.,* 792 F.3d 627, 633 (6th Cir 2015).

4. This case is brought to enforce the consumer privacy provisions afforded by the TCPA, a federal law that was designed to curtail abusive telemarketing practices precisely like those described herein.

5. Defendant violated 47 U.S.C. § 227(b)(1)(C) by bombarding consumers with unsolicited advertisement facsimile.

6. The TCPA was enacted to protect consumers from unsolicited and unwanted telephone and facsimile solicitations exactly like those alleged in this case.

7. Plaintiff seeks an injunction requiring Defendants to cease all unsolicited advertisement facsimile, as well as an award of statutory damages and treble damages (for knowing and/or willful violations) for Plaintiff and members of the Class (defined below) per violation, together with court costs, and reasonable attorneys' fees.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of

violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. The Court has personal jurisdiction over Defendants because Defendants conduct significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

10. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the City of San Francisco, State of California as not only does Defendants regularly conduct business throughout the State of California, but Plaintiff resides within the State of California, County of San Francisco.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, located in the City of San Francisco, State of California.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. Defendant is located in the City of San Clemente, in the State of California.

14. Defendant is, and at all times mentioned herein were, corporations and each was a "person," as defined by 47 U.S.C. § 153 (39).

15. At all times relevant, Defendant conducted business in the State of California and in the City of San Francisco, within this judicial district.

## FACTUAL ALLEGATIONS

16. On July 10, 2023, Defendant used Defendant's telephone facsimile machine to send an unsolicited advertisement to Plaintiff's facsimile machine (the "July Facsimile").

17. Then again on August 2, 2023, Defendant used Defendant's telephone facsimile machine to send an unsolicited advertisement to Plaintiff's facsimile machine (the "August Facsimile").

18. Defendant's telephone facsimile machine has the capacity (A) to transcribe text or

images or both from paper into an electric signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper, as defined by 47 U.S.C. § 227(a)(3).

19. Defendant's July Facsimile and August Facsimile advertisement attempted to solicit Plaintiff to for Defendant's medical management services.

20. This July Facsimile transmission was an unsolicited advertisement to register for Defendant's provider portal services without Plaintiff's express permission pursuant to 47 U.S.C. § 227(a)(5).

21. Prior to July 10, 2023, Plaintiff did not have an established business relationship with Defendant.

22. Prior to July 10, 2023, Plaintiff did not voluntarily communicate Plaintiff's facsimile number to Defendant.

23. Prior to July 10, 2023, Plaintiff did not advertise its facsimile number for public distribution.

24. Defendant did not provide a notice on the first page of the July Facsimile advertisement pursuant to 47 U.S.C. § 227(2)(D).

25.

26. This August Facsimile transmission was an unsolicited advertisement to register for Defendant's provider portal services without Plaintiff's express permission pursuant to 47 U.S.C. § 227(a)(5).

27. Prior to August 2, 2023, Plaintiff did not have an established business relationship with Defendant.

28. Prior to August 2, 2023, Plaintiff did not voluntarily communicate Plaintiff's facsimile number to Defendant.

29. Prior to August 2, 2023, Plaintiff did not advertise its facsimile number for public distribution.

30. Defendant did not provide a notice on the first page of the August Facsimile

advertisement pursuant to 47 U.S.C. § 227(2)(D).

31. Defendant's July Facsimile and August Facsimile forced Plaintiff and class members to pay for the costs of paper for unwanted and unsolicited advertisements from Defendant.

32. The facsimiles from Defendant's telephone facsimile machine to Plaintiff's facsimile were unsolicited by Plaintiff and without Plaintiff's permission or consent.

33. Plaintiff is informed and believes and here upon alleges, that these facsimiles were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

34. The unsolicited advertisements by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(C).

## STANDING

35. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision. *See*, *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016)*; Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### *The "Injury in Fact" Prong*

36. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo*. *Spokeo*, 136 S.Ct. at 1547.

37. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendants sent unsolicited advertisement from Defendant's telephone facsimile machine to Plaintiff's facsimile machine. Such facsimile messages are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

38. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543. In this case, Defendants invaded Plaintiff's privacy and peace by sending facsimiles to Plaintiff's facsimile machine. Furthermore, Plaintiff was distracted, inconvenienced, and annoyed by having to take time answering his facsimile machine as well as having to take time opening and reading the facsimile messages from Defendants.

39. All of these injuries are particularized and specific to Plaintiff and will be the same injuries suffered by each member of the putative class.

### *The "Traceable to the Conduct of Defendant" Prong*

40. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant.

41. The above-mentioned solicitations (facsimiles) were directly and explicitly linked to Defendant. Defendant's solicitations, specifically the facsimile message, identified the facsimile coming from Defendant in an attempt to solicit business from Plaintiff. The facsimile is the sole source of Plaintiff's and the Class's injuries. Therefore, Plaintiff has illustrated facts that show that his injuries are traceable to the conduct of Defendants.

### *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

42. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

43. In the present case, Plaintiff's Request for Relief includes a request for damages for each facsimile message sent by Defendant, as authorized by statute in 47 U.S.C. §§ 227 et seq. The statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and the members of the putative class.

44. Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following classes, which are defined is follows:

> All persons within the United States, who did not have an established business relationship with Defendant, and who received any unsolicited advertisement from Defendant's telephone facsimile machine or its agent(s) and/or employee(s), to said person's telephone facsimile machine, within the four years prior to the filing of the Complaint.

46. Excluded from the class are Defendant, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

47. Plaintiff reserves the right to redefine the classes and to add subclasses as appropriate based on discovery and specific theories of liability.

48. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephone facsimile machines by using Defendant's telephone facsimile machine, thereby causing Plaintiff and the Class members to incur certain charges for which Plaintiff and the Class members have to pay. Plaintiff and the Class members were damaged thereby.

49. <u>Numerosity</u>: Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

50. The exact number of the members of the class is unknown to Plaintiff at this time and can (and will) be determined through appropriate discovery. However, given that, on information and belief, Defendant sent facsimile messages from its facsimile machine to thousands of class members nationwide during the class

period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

51. <u>Ascertainability</u>: The members of the class are ascertainable because the class is defined by reference to objective criteria. Further, the Class can be identified through Defendant's records and/or Defendant's agents' records.

52. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

53. <u>Typicality</u>: As a person who received at least one unsolicited advertisement from Defendant's telephone facsimile machine, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

54. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has had to suffer the burden and invasion of privacy of receiving unsolicited facsimile solicitations from Defendant. Thus, his injuries are typical to Class Members.

55. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

56. Plaintiff's claims are based on the same theories, as are the claims of the members of the class.

57. <u>Adequacy</u>: Plaintiff is qualified to and will fairly and adequately protect the interests of the members of the class with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member.

58. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the

interests of the members of the class.

59. Plaintiff will vigorously pursue the claims of the members of the class.

60. Plaintiff has retained counsel experienced and competent in class action litigation. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling clams involving consumer actions and violations of the TCPA.

61. Plaintiff's counsel will vigorously pursue this matter.

62. Plaintiff's counsel will assert, protect and otherwise represent the members of the class.

63. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

64. <u>Predominance</u>: The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

65. <u>Commonality</u>: There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including but not necessarily limited to the following:

- Whether, within the four years prior to the filing of the Complaint, Defendant or its agents sent any unsolicited advertisements to the Class (other than to class members who had an established business relationship with Defendant) using a telephone facsimile machine;
- Whether Plaintiff and the Class members were damaged thereby, and the

extent of damages for such violation;

- Whether Defendant's conduct violated the TCPA;
- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future; and
- The availability of statutory penalties.

66. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this matter because:

- If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.
- The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class and could substantially impair or impede their ability to protect their interests.
- The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.
- These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.
- The damages suffered by each individual member of the class may be relatively modest, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.
- Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no

effective remedy at law.

- The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

- There will be little difficulty in the management of this action as a class action.

67. Defendant have acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

68. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

69. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

70. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful conduct.

71. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

72. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect

to the Class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

75. Defendant has violated 47 U.S.C. § 227(b)(1)(C). As a result of Defendant's negligent violations of 47 U.S.C. §§ 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

76. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. It is clear this message sent by Defendant is an unsolicited advertisement intentionally sent to Plaintiff.

79. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

80. Defendant has violated 47 U.S.C. § 227(b)(1)(C). As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation,

pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

81. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully requests the following relief:

- An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel.
- Injunctive relief prohibiting Defendants from engaging in such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);
- Statutory damages of $500.00 for Plaintiff and each member the Class for each and every one of Defendants' violations of 47 U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for Plaintiff and each member the Class for each and every one of Defendants' willful or knowing violations of 47 U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(C);
- An award of attorneys' fees and costs to counsel for Plaintiff and the Class;
- Pre-judgment and post-judgment interest on monetary relief; and
- All other and further relief as the Court deems necessary, just, and proper.

///
///
///

## **TRIAL BY JURY**

82. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 23, 2024

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Gustavo Ponce*
      ABBAS KAZEROUNIAN, ESQ.
      MONA AMINI, ESQ.
      GUSTAVO PONCE, ESQ.
      *Attorneys for Plaintiff*